J. T. STAMPS, *Appellant*, v. CHARLES F. LYDICK *et ux.*,
*Appellees.*

No. 17,120.

HEADNOTE BY THE REPORTER.

NEGOTIABLE INSTRUMENTS—*Fraud—Special Questions—Refusal
of Judgment on Special Findings — Inspection of Land —
Fraud.* An action on a note was defended on the ground that
false representations had been made as to the character of the
land in part payment for which it was given; held that no
error was committed in submitting special questions, or in
refusing to render judgment for the plaintiff on the special
findings; also, that the mere fact that the buyer had been upon
the land did not prevent his reliance upon the representations
made to him concerning it.

Appeal from Neosho district court.    Opinion filed
June 10, 1911.    Affirmed.

  *C. S. Denison, J. M. Nation,* and *E. W. Grant,* for the
appellant.

  *W. R. Cline,* and *J. Q. Stratton,* for the appellees.

*Per Curiam:* The appellant brought this action to
recover judgment against the defendant on a promis-
sory note for $1200, executed in consideration of the
part purchase price of a farm in Missouri. The case
was tried to a jury, which made special findings of
fact, and returned a verdict in favor of the defendants.
The assignments of error are that the court erred in
submitting certain special questions, in refusing to
render judgment in favor of the plaintiff on the special
findings, and in refusing the plaintiff a new trial.

  We have examined the questions submitted and find
that no objection is well taken. The findings are ad-
verse to the contentions of the plaintiff, and the court
did not err in refusing to render judgment thereon
against the defendants. There seems to have been a

full and fair trial, and no substantial reason is shown why a new trial should have been granted.

It is contended that defendant Charles F. Lydick had a fair opportunity to examine the farm and could not rely upon the representations of the plaintiff. The facts seem to be that he did not look at the farm with any view of buying it, but was casually upon the farm and saw only such things as the plaintiff saw fit to exhibit to him; that after they had left the farm and gone some miles away the plaintiff made the representations which the jury found were made, and found were false, and induced the defendant thereby to purchase the farm relying upon the truthfulness of such representations.

We find no error in the proceedings and the judgment is affirmed.